**In re GILBERT.**

No. 3954.

District Court, D. New Hampshire.

Feb. 27, 1936.

Samuel T. Holmgren, of Concord, N. H., for bankrupt Gilbert.

James A. Broderick, of Manchester, N. H., for claimant Finn.

MORRIS, District Judge.

This matter arises on a petition of Joseph J. Finn for a review of rulings of the referee in bankruptcy in the case of Le Roy C. Gilbert, bankrupt.

Various phases of the bankrupt's estate were in litigation in the case of Holmgren, Trustee, v. Keene Oil Co., et al., reported in (D.C.) 10 F.Supp. 211. As a result of that litigation money came into the hands of the trustee which the claimant Finn now says should be paid to him, or in event of failure to establish his claim to the money so held by the trustee he seeks to have his claim allowed and share in any distribution of assets as an unsecured creditor.

The basis of his claim is an attachment made of the debtor's property on the 22d day of July, 1932, in a suit in equity brought by Finn against the bankrupt Le Roy C. Gilbert, Emma J. Warne, John C. Warne, and Wesley N. Brush. The property attached consisted of three large oil tanks, standards, oil pump and pumphouse located on the property of the Boston & Maine Railroad in Hillsborough, N. H.; this is the same property that was in litigation in the Holmgren Case above mentioned.

The bankrupt's petition was filed August 17, 1933, and the claimant's contention is, that his attachment being more than four months prior to the filing of the petition in bankruptcy, that he is entitled to the proceeds derived from a sale of the attached property.

On July 16, 1932, Finn filed a bill in equity against the bankrupt Gilbert and other parties above mentioned in the superior court, Hillsborough county, N. H., claiming that money which he had furnished Gilbert was being diverted to uses other than that for which it was loaned, and that the other mentioned defendants were conniving with Gilbert to cheat him

out of the money which was justly his due. The attachment above mentioned was made to secure the performance of any decree that might be entered in said equity suit. The action was referred to a special master who found for all the defendants with the exception of defendant Gilbert, and a decree was entered against him for the sum of $2,017.70 damages, and costs $25.35. Judgment was rendered May 1, 1935.

Two questions are involved: (1) Did the claimant have a valid attachment of the bankrupt's property creating a lien thereon down to the time that he obtained a decree in the state court. (2) If his attachment was invalid or lost in any way, is he entitled to prove a claim against the estate of the bankrupt after more than six months have elapsed and receive a distributive share thereof with other unsecured creditors.

From the referee's certificate and exhibits filed therewith it appears that Gilbert and Finn had been in business together some time prior to October 20, 1931, and that at that time they had a settlement and Gilbert gave Finn a promissory note for the sum of $1,665, which note was the sole basis of the judgment rendered in the equity action above mentioned.

On July 22, 1932, when Finn's attachment of the oil tanks and other property was made, it appears that the same property had been previously attached by the same officer on August 26, 1931, in a suit brought by one Cross, and that the officer had taken John C. Warne as a receiptor for it. The property was allowed to be returned to Gilbert's possession. When the Finn attachment was made there was no new receiptor given and no new seizure made, and no return of the attachment was made in accordance with chapter 332 of the Public Laws of New Hampshire, § 23, which provides as follows: "*Bulky Articles, Etc.* The officer taking possession to levy upon or attaching any live stock or articles which, by reason of their size, situation, fluidity, explosive or inflammable qualities, are incapable of being conveniently taken into actual possession, may, within forty-eight hours thereafter, leave an attested copy of the writ, and of his return of such taking possession or such attachment thereon, at the home or office of the town clerk in the same manner as attachment of real estate is made, except as to place of filing the copy; and in such

cases the attachment shall not be dissolved or defeated by any neglect of the officer to take actual possession of the property."

The claimant contends that, the property having been previously attached on the Cross Writ, all that was necessary was for the officer to notify Warne, receiptor on the Cross attachment, that a subsequent attachment had been made. We cannot agree with plaintiff's contention.

The claimant relies upon the case of Whitney v. Farwell, 10 N.H. 9, wherein it is held that the possession of a receiptor of property attached is so far the possession of the sheriff that the latter, while the receiptor retains actual possession, may make a second attachment upon another writ by making a return to that effect and giving the receiptor notice with directions to hold the property to answer upon the second attachment. But the case further holds that if the receiptor is unwilling to incur further responsibility he may upon such notice decline to hold the property for the security of any other demand and return the property to the sheriff.

In the instant case there is no evidence that Warne was notified of the second attachment, or, if notified, that he agreed to assume further responsibility. It also appears that the property attached had been returned to the possession of Gilbert so that no further attachment of the same could be made without a new seizure and the filing of notice in accordance with the provisions of the New Hampshire statute, above quoted.

I hold that claimant's first contention is not sound and that he cannot hold the funds in the hands of the trustee by reason of any claimed attachment. See, also, Treadwell v. Brown, 43 N.H. 290, 292; Rowe v. Page, 54 N.H. 190, 191.

The lien created by the attachment in the suit of Cross v. Gilbert was lost by reason of the failure to levy an execution thereon within the statutory period of 30 days, in accordance with chapter 332. N. H. Public Laws, § 53, which provides that: "Property attached shall be holden until the expiration of thirty days from the time of rendering a judgment in the action in favor of the plaintiff on which he can take execution."

Thereafter, the sheriff and Cross pursued their remedy against Warne, the receiptor, and conflicting rights which then

784

remained with respect to the attached property were those in connection with the claims of the Keene Oil Company and Warne mortgages which were the subject of litigation in the case of Holmgren v. Keene Oil Co., supra. Murphy v. Hill, 68 N.H. 544, 44 A. 703.

■ The next question is whether or not the claimant should be allowed to prove his claim against the bankrupt's estate under the provisions of section 57n of the Bankruptcy Act, as amended by Act May 27, .1926, 11 U.S.C.A. § 93 (n), which provides: "Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment."

On August 17, 1933, Gilbert filed a voluntary petition in bankruptcy and was adjudicated a bankrupt August 19, 1933. The six months' period within which proofs of claims might be made expired February 19, 1934. Judgment was entered on plaintiff's bill in equity against Nerine W. Gilbert, administratrix of the estate of Le Roy C. Gilbert, May 1, 1935. The exact date of Gilbert's death is not disclosed. Claimant's judgment for $2,043.32 and $25.35 costs were presented to the referee for allowance May 27, 1935.

From the following extract from the master's report in the case of Finn v. Gilbert, it appears that the indebtedness of Gilbert to Finn was definitely settled October 20, 1931, when the note was given as mentioned in the master's report.

The master finds: "When the plaintiff and the defendant Le Roy C. Gilbert decided to sever their business relations in the middle of October 1931 they together went over the account between them and determined that the plaintiff had advanced to the defendant, Le Roy C. Gilbert the sum of $1665.00. This sum was treated as an indebtedness from Gilbert to the plaintiff, and the plaintiff accepted in payment the note of the defendant Gilbert for the sum of $1665.00. The defendant Gilbert did not deny that he owed this amount."

As hereinabove indicated, it would appear that Finn, being alarmed at Gilbert's financial condition, and fearing that he would not be able to collect his note against him, conceived the idea of attempting to connect the three others named in the bill in equity with Gilbert's indebtedness hoping thereby to obtain judgment that would be collectible. His claims against all but Gilbert were apparently fictitious, and all he got by his suit was a judgment against Gilbert's estate on an undisputed note after Gilbert's death and while his estate was being settled in the bankruptcy court. No notice of the pendency of the Finn suit was given the trustee in bankruptcy, and he never appeared in the state court. Under these circumstances, considering all the facts disclosed, I hold that the referee was justified in refusing to allow Finn's claim. There never was a time after the adjudication had been made when Finn did not know the amount owed him by the bankrupt. His efforts by filing a bill in equity were not to ascertain the amount due him, but an attempt to hold others for the payment of the bankrupt's bill.

The claimant having elected to pursue third parties making unfounded claims against them and having failed ought not now be permitted to come into the bankruptcy court and share with others who have at considerable expense uncovered assets which otherwise would not be in the hands of the trustee.

The referee's report is affirmed.