**BLACK WATCH FARMS, INC. and Bermec Corporation, Plaintiffs,**

v.

**Jack R. DICK, Defendant and Third-Party Plaintiff,**

v.

**Herman L. MECKLER, and State Mutual Life Assurance Company of America, Third-Party Defendants.**

Civ. No. B–58.

United States District Court, D. Connecticut.

Feb. 25, 1971.

David Goldstein, Jacob D. Zeldes, Hans C. F. Wriedt, Bridgeport, Conn., George A. Katz, William C. Sterling, Jr., Wachtell, Lipton, Rosen & Katz, New York City, for plaintiffs.

Morgan P. Ames, Stamford, Conn., for Jack R. Dick.

Frederick L. Comley, John S. Barton, Dion W. Moore, Pullman, Comley, Bradley & Reeves, Bridgeport, Conn., for Herman L. Meckler and State Mutual Life Assurance Co. of America.

### RULING ON DEFENDANT DICK'S MOTION TO DISSOLVE ATTACHMENT

ZAMPANO, District Judge.

The question presented is whether the plaintiffs' prejudgment attachment of defendant Dick's real property constitutes a taking of property in violation of the due process clause of the Fourteenth Amendment.

On or about May 1, 1970, the plaintiffs instituted this action seeking $4,-500,000 plus interest in damages against the defendant on a claim of an alleged breach of an agreement to maintain a certain amount of property in escrow to secure a promissory note between the parties. Pursuant to Conn.Gen.Stat. § 52–279 et seq., defendant's home was attached at the commencement of the lawsuit. At the time there were prior liens and encumbrances upon the real property attached aggregating more than $22,000,000. On or about May 20, 1970, the defendant filed a third-party complaint, and he attached under Connecticut law the property of the third-party defendants to the value of $4,-750,000.

Relying on Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), the defendant now moves to dissolve the plaintiffs' real estate attachment. The plaintiffs oppose the motion on three grounds: 1) that *Sniadach* is inapplicable; 2) the attachment is necessary to prevent the defendant from dissipating his assets before a judgment can be obtained herein; and 3) the defendant is barred from challenging the validity of the attachment by the doctrine of preclusion against inconsistent positions.

■ The general purposes of an attachment are to induce the appearance of the defendant and to furnish security for the satisfaction of any judgment that may be rendered. Bartosiewicz v. Town of Hartford, 14 Conn.Supp. 357, 359 (1946). Under Connecticut law a comprehensive statutory attachment plan is provided for under Chapters 904 and 905 of the General Statutes. In brief, an attachment of a defendant's real property (with certain exceptions not here relevant) is permitted in any civil action where money damages are sought in the complaint. An attorney is authorized to sign and issue a writ of attachment; no advance notice to the opposing party is necessary; and no court hearing or order is required. The attachment is made by a sheriff or marshall lodging with the town clerk of the town in which the property is located a certificate of attachment which is placed on the public record. The officer making the attachment then must make personal or abode service upon the defendant of copies of the writ of attachment, the complaint and other accompanying papers. Prior to the termination of the

litigation, an attachment may be reduced or dissolved only upon a showing that the attachment is excessive, § 52–302, or upon substitution of a bond with surety, § 52–304.

The main thrust of the defendant's argument is that under the principles established in *Sniadach* prior notice and a judicial hearing are prerequisites to a prejudgment real estate attachment. The Court disagrees. At the outset, it must be noted that the facts in *Sniadach* are clearly distinguishable from those in the instant case. In *Sniadach* the Supreme Court had under consideration the prejudgment garnishment of wages which the Court pointed out "may impose tremendous hardship on wage earners with families to support" and "may as a practical matter drive a wage-earning family to the wall." 395 U. S. at 340–342, 89 S.Ct. at 1822. Under these circumstances, the Court ruled that, "[w]here the taking of one's property is so obvious, it needs no extended argument to conclude that absent notice and a prior hearing * * * this prejudgment garnishment procedure violates the fundamental principles of due process." 395 U.S. at 342, 89 S.Ct. at 1823.

In the instant case, no such prejudice is demonstrated. The plaintiffs' moving papers indicate reasonable grounds for seeking the protection of Connecticut's attachment laws, and there is no claim that the attachment is excessive. The defendant is neither deprived of the use or enjoyment of the property pending a trial on the merits nor is his livelihood threatened by the deprivation of the right to freely transfer the realty. Also, since the property is encumbered by prior liens of $22,000,000, the plaintiffs' additional temporary restraint must be considered as *de minimis*.

 Moreover, as a matter of law the Court is satisfied that the *Sniadach* rationale was not intended to cover real estate attachment procedures such as those authorized under Connecticut statutes. *Sniadach*, in this Court's opinion, only carved out the garnishment of wages ("a specialized type of property presenting distinct problems in our economic system," 395 U.S. at 340, 89 S.Ct. at 1822) as an exception to the Supreme Court's ruling in McKay v. McInnes, 279 U.S. 820, 49 S.Ct. 344, 73 L.Ed. 975 (1929) (per curiam), upholding the constitutionality of Maine's real estate attachment laws which in most respects are similar to Connecticut's. It seems clear that if the Supreme Court had intended to overrule *McKay*, it would not have asserted the vitality of that decision in the course of its discussion in *Sniadach*. See 395 U.S. at 340, 89 S.Ct. 1820. A real property attachment is not a final proceeding, nor is it unduly harsh. Therefore, there is no necessity for prior notice or hearing since due process is satisfied by the subsequent plenary hearing in the main action. Cf. Armstrong v. Manzo, 380 U.S. 545, 550, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); Bradford Audio Corp. v. Pious, 392 F.2d 67, 72 (2 Cir. 1968); Schillaci v. Olesen, 161 F.Supp. 227, 230 (S.D.Cal. 1958). See also Miller v. Western Bd. of Adjusters, Inc., 427 F.2d 175, 176 n.1 (9 Cir. 1970); Brunswick Corp. v. J. & P., Inc., 424 F.2d 100, 105 (10 Cir. 1970); Hutcherson v. Lehtin, 313 F.Supp. 1324, 1329 (N.D.Cal.1970); Young v. Ridley, 309 F.Supp. 1308, 1311 (D.C. D.C. 1970).

While the plaintiffs make out a strong case for the application of the doctrine of preclusion against inconsistent positions as a defense to defendant's motion, cf. Roth v. McAllister Bros., Inc., 316 F.2d 143, 145 (2 Cir. 1963); Gottesman v. General Motors Corp., 222 F.Supp. 342 (S.D.N.Y.1963), cert. denied, 379 U.S. 882, 85 S.Ct. 144, 13 L.Ed.2d 88 (1964), a ruling on this issue is not now necessary.

Accordingly, the defendant's motion to dissolve is denied.