The **HARTFORD PROVISION COMPANY, Plaintiff-Appellee,**
v.
**UNITED STATES of America, Defendant-Appellant.**
**No. 540, Docket 77–6142.**

United States Court of Appeals, Second Circuit.

Argued Jan. 13, 1978.
Decided April 17, 1978.

8

Aaron Rosenfeld, Washington, D. C. (M. Carr Ferguson, Asst. Atty. Gen., Dept. of Justice, Washington, D. C. and Gilbert E. Andrews, Crombie J. D. Garrett and Richard Blumenthal, Washington, D. C., of counsel), for defendant-appellant.

John J. Graubard, Stamford, Conn. (David M. Cohen, Washington, D. C., of counsel), for plaintiff-appellee.

Before MANSFIELD and VAN GRAAF-EILAND, Circuit Judges, and DOOLING,* District Judge.

---

* Honorable John F. Dooling, Senior District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

VAN GRAAFEILAND, Circuit Judge:

In *United States v. Security Trust & Savings Bank*, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950), the Supreme Court held that a United States tax lien was prior in right to an earlier recorded attachment lien where the attaching creditor's claim had not yet proceeded to judgment. The court said that "[n]umerous contingencies might arise that would prevent the attachment lien from ever becoming perfected by a judgment awarded and recorded." *Id.* at 50, 71 S.Ct. at 113. The Internal Revenue Service now contends that a tax lien, recorded after judgment is secured by an attaching creditor in the Connecticut courts, is prior to that of the judgment creditor if a writ of execution has not yet been served on the judgment debtor. Judge Newman, of the United States District Court for the District of Connecticut, rejected this contention herein in an unreported opinion. We affirm.

■ Priority of liens under 26 U.S.C. § 6323 is a matter of federal law. *PPG Industries, Inc. v. Hartford Fire Insurance Co.*, 531 F.2d 58, 61 (2d Cir. 1976). That section provides in part that the government's lien for unpaid taxes "shall not be valid as against any . . . judgment lien creditor until notice thereof . . . has been filed by the Secretary or his delegate." § 6323(a). Although "judgment lien creditor" is not defined in the statute, it is defined in Treas. Reg. § 301.6323(h)–1(g) as a "person who has obtained a valid judgment . . . for the recovery of . . . a certain sum of money . . . who has perfected a lien under the judgment on the property involved." The regulation then provides:

A judgment lien is not perfected until the identity of the lienor, the property subject to the lien, and the amount of the lien are established. Accordingly, a judgment lien does not include an attachment or garnishment lien until the lien has ripened into judgment, even though under local law the lien of the judgment relates back to an earlier date.[1]

■ In determining for federal tax purposes whether a judgment creditor's lien is perfected or choate, we look first to the local law setting forth the lien procedure and its legal consequences. However, we then determine under federal law the "actual legal effect" of the lien whose priority is in question. *United States v. Waddill, Holland & Flinn, Inc.*, 323 U.S. 353, 356–57, 65 S.Ct. 304, 89 L.Ed. 294 (1945); *United States v. Acri*, 348 U.S. 211, 213, 75 S.Ct. 239, 99 L.Ed. 264 (1955). Under either standard, appellee's lien was prior to that of the government.

■ In Connecticut, a plaintiff suing for a money judgment may in certain cases attach the defendant's real or personal property at the outset of the litigation, Conn.Gen.Stat.Ann. § 52–279 (Supp.1977), or during its course by way of prejudgment remedy, §§ 52–278a–m (Supp.1977). This procedure permits the plaintiff to obtain security for the satisfaction of any judgment which he may finally recover. *Black Watch Farms, Inc. v. Dick*, 323 F.Supp. 100, 101 (D.Conn.1971); *Atlas Garage and Custom Builders, Inc. v. Hurley*, 167 Conn. 248, 251, 355 A.2d 286 (1974); *Coit v. Sistare*, 85 Conn. 573, 578, 84 A. 119 (1912); *Morgan v. New York National Building and Loan Association*, 73 Conn. 151, 152, 46 A. 877 (1900).[2] The attached estate is held to re-

1. The Regulation's definition of "perfection" merely restates the long-standing judicial requirement of choateness; *i. e.*, that when the identity of the lienor, the property subject to the lien and the amount of the lien are established, nothing more need be done to have a choate lien. *United States v. New Britain*, 347 U.S. 81, 84, 74 S.Ct. 367, 98 L.Ed. 520 (1954). The priority of a statutory lien is determined by when it attached to the property and became choate, *United States v. Equitable Life Assurance Society*, 384 U.S. 323, 328, 86 S.Ct. 1561,

16 L.Ed.2d 593 (1966) (quoting *New Britain, supra* ).

2. The official form used in applying for the prejudgment remedy of attachment under § 52–278c (Supp.1977) reads in part as follows:

The undersigned represents:

.  .  .  .  .  .

2. That there is probable cause that a judgment will be rendered in such matter in favor of the applicant and to secure such judgment the applicant seeks an order from

spond to the final judgment or decree. *See* § 52–281 (repealed 1976); *Allen v. Adams*, 17 Conn. 67, 77 (1845). *See also* § 52–278i (Supp.1977). When the judgment is obtained, the attached property becomes subject to a lien as specific and binding as a mortgage lien. *Carter v. Champion*, 8 Conn. 548, 559 (1831). The judgment's effect on an attachment is to "establish the validity and determine the amount of the claim, and to preserve the lien under said attachment . . . ." *Central Trust Co. v. Worcester Cycle Mfg. Co.*, 114 F. 659, 665 (C.C.D.Conn. 1902).[3]

■ In order to accomplish its purpose, the attachment must continue in effect for a period of time following the entry of judgment. *Beardsley v. Beecher*, 47 Conn. 408, 414 (1879). In Connecticut, the period is sixty days.[4] Section 52–328 provides in part that "[n]o estate which has been attached shall be held to respond to the judgment . . . unless the judgment creditor takes out an execution and has it levied on the personal estate attached . . . within sixty days after final judgment . . . ."

It is the contention of the government that an attachment lien is not perfected within the meaning of Treas.Reg. § 301.-6323(h)–1(g) until execution is issued under the judgment. In support of this argument, the government relies on a quote from *Bradbury v. Wodjenski*, 159 Conn. 366, 370, 269 A.2d 271, 273 (1970):

A judgment creditor, in order to perfect an attachment or garnishment made prior to judgment on his claim, must take out an execution and have it levied on the real or personal estate attached or have

demand made on the garnishee within sixty days after final judgment.

We are satisfied, after a careful reading of that case, that the term "perfected" as used therein has a different meaning than it has under Treas.Reg. § 301.6323(h)–1(g). This is demonstrated by the Connecticut Supreme Court's succeeding remarks in the same case:

If not thus perfected, "[a]ny lien created by the attachment on this property . . . continued for sixty days after the judgment, and no longer." *Sanford v. Pond*, 37 Conn. 588, 594.

Asco Supply obtained a judgment on its claim on August 2, 1966. By failing, however, to have demand made on the garnishees at any time subsequent to that judgment, let alone within the sixty-day period prescribed by § 52–328, Asco allowed any lien on the fund created by its garnishment of April 15, 1966, to perish.

■ In the case before us, the sixty-day period had not expired prior to the filing of the government's lien, and appellee's lien had not "perished". *See Shurland Robin Demergue Bell v. Nutmeg Airways Corp.*, 407 F.Supp. 1254, 1258 (D.Conn.1976). Appellee is therefore entitled to rely upon the "cardinal rule" followed by this Court in *United States v. State of Vermont*, 317 F.2d 446, 450 (1963), *aff'd*, 377 U.S. 351, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964) that "a prior lien gives a prior claim, which is entitled to prior satisfaction . . . ."

■ When appellant secured its judgment herein, the "identity of the lienor, the property subject to the lien, and the amount of the lien" were all established; the lien was choate. In arguing to the contrary, the

---

3. Although attachment statutes differ from state to state, the Connecticut rule follows ancient and well-accepted principles. In *Pratt v. Law*, 13 U.S. 284, 309, 9 Cranch 456, 497, 3 L.Ed. 791 (1815), the Court, construing Maryland law, said "[l]evying an attachment has the double effect of creating a lien, and instituting

this court directing that the following prejudgment remedy be issued to secure the sum of $_____:
  a. To attach the following described real property of the defendant located in the Town of _____: . . . .

an action. But the lien is only inchoate; it awaits the judgment of the court for its consummation . . . ." *See also Shear Co. v. Currie*, 295 F. 841, 843 (5th Cir. 1923) (construing Texas law); *Ward v. Commissioner of Internal Revenue*, 224 F.2d 547, 551 (9th Cir. 1955) (construing California law).

4. Similar provisions exist in other New England states, 7 C.J.S. *Attachments* § 260 at 437; however, the durational period may differ. *See, e. g., In re Gilbert*, 13 F.Supp. 782, 783 (D.N.H.1936).

government is simply confusing "perfection" with "enforcement". *See Asher v. United States*, 436 F.Supp. 22, 26–27 (N.D. Ill.1976); *cf. Bank of California, National Association v. United States*, 520 F.2d 302 (9th Cir. 1975).

Affirmed.

MANSFIELD, Circuit Judge (dissenting):

I respectfully dissent for the reason that in my view appellee's lien as a judgment creditor was not fully perfected under Connecticut law before the federal tax lien became valid and was perfected under 28 U.S.C. § 6323 by the Government's filing notice of its tax lien with the Secretary of State of Connecticut on March 6, 1975. The federal tax lien, therefore, must prevail.

It appears to be common ground and well settled that a state judgment creditor's lien, in order to prevail over a federal tax lien, must not only meet federal requirements for choateness (specificity of lienor's identity, amount of lien and property subject to lien) as established in *United States v. Security Tr··t & Savings Bank*, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950); *United States v. New Britain*, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954); and *United States v. Vermont*, 377 U.S. 351, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964), but also meet all state requirements for perfection as against third persons before the federal tax lien has been perfected. *United States v. Security Trust & Savings Bank, supra*, 340 U.S. at 49–50, 71 S.Ct. 111. Section 6323 does not "purport to affect the time at which local liens [are] deemed to arise or to become choate or to subordinate the tax lien to tentative, conditional or imperfect state liens," *United States v. Pioneer American Insurance Co.*, 374 U.S. 84, 89, 83 S.Ct. 1651, 1655, 10 L.Ed.2d 770 (1963). See *Miller v. Bank of North America*, 166 F.2d 415 (9th Cir. 1948). In short, for the state judgment lien to prevail there must be nothing left for the creditor to do under state law—no more hurdles to jump or steps to be taken—before the federal tax lien is perfected. *United States v. Vermont, supra*.

The requirement that the state judgment creditor's lien be fully perfected under state law to gain priority is recognized in a portion of the definition of a "judgment lien creditor" in Treas. Regs. on Proc. and Admin. (1954 Code), which the majority has either overlooked or disregarded. I refer to the following sentences in 26 C.F.R. § 301.-6323(h)–1(g), which immediately follow those quoted by the majority:

"If recording or docketing is necessary under local law before a judgment becomes effective against third parties acquiring liens on real property, a judgment lien under local law is not perfected with respect to real property until the time of such recordation or docketing. *If under local law levy or seizure is necessary before a judgment lien becomes effective against third parties acquiring liens on personal property, then a judgment lien under such local law is not perfected until levy or seizure of the personal property involved.*" (Emphasis added).

Applying these principles here, appellee gained a contingent lien against the debt owed by the Community Renewal Team of Greater Hartford (CRT) to Hall pursuant to Conn.Gen.Stat.Ann. § 52–329 by service of its writ of attachment on CRT on December 17, 1974, and by obtaining a judgment against Hall on January 31, 1975. However, in order fully to perfect its lien as against third parties and thus gain priority over them, it was in addition required under Connecticut law to make a demand by successful service of a writ of execution upon CRT within 60 days. Without such demand and service appellee's judgment lien was not fully perfected and the garnishee was not obligated to make payment, Conn.Gen.Stat.Ann. §§ 52–328, 52–381. Since no such demand and service was made prior to March 6, 1975, when the Government concededly perfected its lien under 28 U.S.C. § 6323, the federal tax lien is entitled to priority. *Bradbury v. Wodjenski*, 159 Conn. 366, 269 A.2d 271 (1970).

In my view *Bradbury* controls the present case. There the Connecticut Supreme Court, in a contest between competing judgment creditors, held that successful service of a writ of execution was an essential element of perfection, stating:

"A judgment creditor, in order to perfect an attachment or garnishment made prior to judgment on his claim, must take out an execution and have it levied on the real or personal estate attached or have demand made on the garnishee within sixty days after final judgment. General Statutes § 52–328; * * *. In thus having an execution issued and demand made well within sixty days of final judgment, Batter [the third creditor] effectively perfected its attachment and secured its claim to the fund, thereby creating an interest in the fund superior to those of the other two defendants, the interests of which, as have been stated, remained unsecured." 159 Conn. at 370, 269 A.2d at 273.

Both sides agree that appellee's lien was certain as to the amount of the lien, the identity of the lienor, and the property subject to the lien as soon as judgment was entered against Hall. However, that lien was not perfected as a matter of Connecticut law by the time of the filing of notice of the federal tax lien. Congress could not have intended that federal tax liens would be subordinated to unperfected state liens that are themselves vulnerable to later-created state liens of the same character that are fully perfected.