**NEW YORK CITY TRANSIT AUTHORITY, Plaintiff,**

v.

**PARADISE GUARD DOGS, INC.; Neil Pisane and Patricia Pisane; Public Improvements, Inc., Harvey Wessler, and Theresa Stucki; and Hastings Pavement Co., Inc.; and the United States of America, Defendants.**

No. 82 C 2094.

United States District Court, E.D. New York.

April 26, 1983.

Richard K. Bernard, Brooklyn, N.Y. (Robin Stevens, Brooklyn, N.Y., of counsel), for New York Transit Authority.

Levy & Levy, P.C., New York City (Judith Levy, New York City, of counsel), for Neil Pisane and Patricia Pisane.

McDonough, Marcus, Cohn & Tretter, P.C., New York City (Alan Levy, New York City, of counsel), for Public Improvements, Inc., Harvey Wessler and Theresa Stucki.

Stanley Posess, New York City (Nicholas Miglino, New York City, of counsel), for Hastings Pavement Co.

Raymond J. Dearie, U.S. Atty., Brooklyn, N.Y. (Michael Cavanagh, Asst. U.S. Atty., Brooklyn, N.Y., of counsel), for U.S.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff New York City Transit Authority brought this interpleader action against Paradise Guard Dogs, Inc. and various other parties in the state court. The United

States, which claimed a tax lien, was joined as a party defendant. The United States then removed the case to this court.

Thereafter the parties stipulated that the New York City Transit Authority would pay $10,875 to the Clerk of the Court to be held until disposition was directed by this court. That sum represents the proceeds due to Paradise Guard Dogs, Inc. under the terms of its contract with the New York City Transit Authority. The United States now moves for judgment.

Paradise owes numerous tax liabilities to the Internal Revenue Service, including those set forth in a notice of tax lien under the Internal Revenue laws amounting to $16,498.05. The notice was filed on October 27, 1981 pursuant to 26 U.S.C. § 6323 and New York Lien Law § 240. As of January 11, 1983 the balance due on the assessments referred to in the notice, including interest and penalties, was $15,159.19.

It is clear that the United States has a "lien" for taxes within the meaning of 26 U.S.C. § 6321. Under 26 U.S.C. § 6323 the lien imposed by section 6321 is not valid against any "judgment lien creditor until notice thereof" had been filed meeting the requirements of subsection (f). The notice here met those requirements.

Judgment creditors Neil and Patricia Pisane claim priority against the United States based on the following facts. They obtained a judgment in Supreme Court Kings County filed in the Kings County clerk's office on May 11, 1981. The first execution was issued to the sheriff of Westchester County on or about May 19, 1981. The sheriff made execution, but no money or property was found. Thereafter on September 28, 1981 an execution was mailed to the sheriff of Bronx County. Again the execution failed to locate property.

■ The Pisanes assert that since they served two executions, on May 19, 1981 and September 28, 1981, both prior to the Internal Revenue Service filing of notice in October of 1981, they are entitled to priority. It is true that under New York law the "lien" attaches by delivery of an execution to the sheriff to all personal property then in the county or thereafter acquired in the county by the judgment debtor during the life time of the execution—here sixty days. However, the "lien" does not extend beyond the return day of the execution unless a levy is made on the personal property. 9 Carmody-Wait 2d § 64:140 & n. 18. The attorney for the judgment creditor may extend the life of the execution for additional sixty-day periods. N.Y.C.P.L.R. § 5230(c). To prevail over a succeeding federal tax lien, a lien must be "choate"; that is, the identity of the lienor, the property subject to the lien, and the amount of the lien must be established. *See, e.g., United States v. State of Vermont,* 377 U.S. 351, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964); *Hartford Provision Co. v. United States,* 579 F.2d 7, 9 & n. 1 (2d Cir.1978).

■ The first execution served by the Pisanes plainly could not create a lien against the debt owed by plaintiff, since it was served on the sheriff of Westchester County and was directed against a Barclays Bank account. Nor did the second execution give notice sufficient to make plaintiff's debt subject to a judgment lien. In any event, no judgment lien survives since no levy was made before the return date of the execution.

■ Judgment creditors Public Improvements, Inc., Harvey Wessler, and Theresa Stucki also claim priority against the United States. Their attorney issued an execution dated August 26, 1981. It failed to identify the debt in question and it appears that no levy was made during its life. These creditors also rely on a restraining notice dated September 9, 1981, but such a notice creates no lien. *Aspen Industries, Inc. v. Marine Midland Bank,* 52 N.Y.2d 575, 439 N.Y.S.2d 316, 421 N.E.2d 808 (1981).

The Pisanes argue that it is unfair to allow the United States to file once but require an individual creditor to take steps every sixty days to keep alive his lien, even when the creditor knows of no property of the debtor in existence. In the first instance, however, it is state law that deter-

mines whether a judgment lien exists. *See, e.g., Hartford Provision Co. v. United States, supra.* And the law of New York requires the repetitive procedure to which the Pisanes object.

The money deposited with the clerk is directed to be paid to the Internal Revenue Service. So ordered.