L. RUDOLPH ELECTRICAL CO., INC., & others[1] *vs.* GIBBS OIL COMPANY & another.[2] September 30, 1983. *Taxation,* Federal tax lien. *Practice, Civil,* Judgment. *Lien.*

1. There is no occasion for considering the separate judgment entered against the defendant Goodoak on August 25, 1982, for the reason (if no other) that the defendant Gibbs was not harmed by that judgment. 2. Gibbs became a "judgment lien creditor" within the meaning of 26 U.S.C. § 6323(a) (1976) and 26 C.F.R. § 301.6323(h)-1(g) (1978) as soon as (1) the judgment against Goodoak was entered in the original action in the Superior Court (see *Smola* v. *Manuel Camara, Jr. Ins. Agency, ante* 908, 909 [1983]) on October 24, 1978, and (2) the writ of attachment which was issued on that judgment was recorded in the appropriate registry of deeds on October 30, 1978. See, e.g., *United States* v. *New Britain,* 347 U.S. 81, 84 (1954); *Hartford Provision Co.* v. *United States,* 579 F.2d 7, 9 (2d Cir. 1978). Section 6323(a) is explicit that the lien obtained by Gibbs was superior to that asserted by the Internal Revenue Service because no notice of the later lien was recorded in the registry (see § 6323 [f][1][A][i] [1976]) until November 17, 1978. See, e.g., *United States* v. *New Britain,* 347 U.S. at 85-86; *United States* v. *Acri,* 348 U.S. 211, 212-213 (1955); *United States* v. *Pioneer Am. Ins. Co.,* 374 U.S. 84, 87-92 (1963); *United States* v. *Equitable Life Assur. Soc.,* 384 U.S. 323,

---

[1] Angelo B. Veneziano and Gloria B. Veneziano.

[2] Robert D. Goodoak.

327-329 (1966).  The decision below fails to recognize that earlier provisions of Massachusetts law concerning the relationship between appellate review and the time for the entry of judgment such as G. L. c. 231, § 113, as in effect prior to St. 1973, c. 1114, § 202, and Rule 79 of the Superior Court (1954) were distinctly supplanted effective July 1, 1974, by entirely different provisions such as those now found in G. L. c. 231, § 113, as appearing in said § 202, in Mass.R.Civ.P. 54(a), 365 Mass. 820 (1974), in Mass.R.Civ.P. 58(a), as amended effective January 1, 1977, 371 Mass. 908, and in Mass.R.A.P. 3(a) and 4(a), as amended effective July 1, 1979, 378 Mass. 927, 928.  There is nothing in Mass.R.Civ.P. 62(a) or (d), 365 Mass. 829, 830 (1974), in G. L. c. 235, § 16, as appearing in St. 1975, c. 377, § 117, or in Mass.R.A.P. 28, as amended effective July 1, 1979, 378 Mass. 925, which supports the notion that the finality accorded a judgment entered under Mass.R.Civ.P. 54(a) and 58(a) is undermined by the mere taking of an appeal in a case such as the present, in which the judgment was affirmed on appeal.  See *Gibbs Oil Co.* v. *Goodoak,* 8 Mass. App. Ct. 947 (1979).[3]  3.  None of the other points which have been argued requires any discussion.  4.  The judgment which was entered in the present action on April 30, 1982, is reversed, and a new judgment is to be entered which is consistent with part 2 hereof.  Costs of appeal are not to be awarded to any party.

*So ordered.*

*William Coniaris* for Gibbs Oil Company.

*Jonathon D. Friedmann (James L. Rudolph* with him) for the plaintiffs.

---

[3] None of the amendments of the rules which have been cited in this part of the opinion has effected any change in the provisions as they stood in 1978.