**In re EABCO, INC., Debtor.**

**Civ. A. No. 89–0798.**
**Bankruptcy No. 85–2453.**

United States District Court,
W.D. Pennsylvania.

July 10, 1989.

Robert H. Lang, Pittsburgh, Pa., for debtor.

Eric A. Schaffer, Pittsburgh, Pa., for appellee.

Gerard J. Mene, U.S. Dept. of Justice, Washington, D.C., for appellant.

Norman E. Gilkey, Pittsburgh, Pa., trustee.

### MEMORANDUM OPINION

MENCER, District Judge.

The United States has appealed the decision of the Bankruptcy Judge giving Mellon Bank, N.A.'s confessed judgment priority over a federal tax lien. The appeal is presently before this court pursuant to 28 U.S.C. § 158(a).

#### Facts

Eabco, Inc. (Eabco) filed a Petition for bankruptcy under Chapter 11 in October, 1985. The case was converted to Chapter 7 in August, 1986. The trustee sold certain equipment and real property owned by Eabco, then filed a Motion for Distribution of Proceeds of Sale of Real Property and Personal Property.

In his motion, the trustee proposed to use the proceeds to satisfy Mellon Bank's confessed judgment before satisfying two federal tax liens. The order of priority between these two debts is the basis for this action.

Mellon Bank's judgments arise from two promissory notes executed by Eabco in favor of the Bank. Eabco executed the first note on December 5, 1984 for $40,000. The note provided for payment of the principal and interest on March 5, 1985, three months later. Eabco executed the second note on January 28, 1985 for $20,000. This note provided for payment of the principal and interest on April 29, 1985.

Eabco defaulted on both notes. On April 30, 1985, Mellon Bank filed a Complaint in Confession of Judgment in the Court of Common Pleas of Allegheny County, Pennsylvania against Eabco for $72,104.50.[1]

The Internal Revenue Service assessed taxes against Eabco on September 10 and December 17 in 1984 and on April 1, April 12, August 12, and September 2 in 1985. The Government filed liens totalling $52,-716.42 on June 13, 1985 and filed liens totalling $16,089.51 on September 27, 1985.

The United States and Mellon Bank argued the merits of the case before Judge Cosetti. On March 3, 1989, Judge Cosetti issued an Opinion approving the distribution of the funds proposed by the trustee. The United States appeals that decision.

### Legal Analysis

The standard of review for Bankruptcy Court decisions depends upon the type of determination challenged in the appeal. Questions of fact are subject to the "clearly erroneous" standard, while the legal conclusions of the bankruptcy court are subject to plenary review. *Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 49 (3d Cir.1988); *Crocker National Bank v. American Mariner Industries, Inc.*, 734 F.2d 426, 429 (9th Cir.1984). In this case, the United States has challenged a legal conclusion, so we will conduct a *de novo* review.

There are two types of federal tax liens, general tax liens and recorded tax liens. *United States v. National Bank of Commerce*, 472 U.S. 713, 719, 105 S.Ct. 2919, 2923, 86 L.Ed.2d 565 (1985). General tax liens arise in favor of the United States when the taxpayer refuses to pay an assessed tax following a demand for payment. 26 U.S.C. § 6321; *National Bank of Commerce*, 472 U.S. at 719, 105 S.Ct. at 2923. The general tax lien arises without recordation and attaches to all property. *National Bank of Commerce*, 472 U.S. at 719–20, 105 S.Ct. at 2923. Once the tax lien has been filed, it becomes a recorded tax lien.

Section 6323 sets forth the priority among liens competing for limited assets. Section 6323(a) provides that "The [general tax lien] shall not be valid as against any ... judgment lien creditor until notice thereof ... has been filed by the Secretary." Section 6323(b) contains ten limited categories of liens that have priority over a recorded tax lien, none of which apply to this case. Under the hierarchy established in § 6323, therefore, a judgment lien creditor has priority over a pre-existing, non-recorded tax lien, but does not have priority over a pre-existing, recorded tax lien.

The sequence of events in this case was that the government made tax assessments totalling $52,716.42 on or before April 12, 1985. On April 30, 1985, Mellon Bank filed its Complaint in Confession of Judgment. The government further assessed taxes totalling $16,089.51 in August and September of 1985. The government filed liens for the $52,716.42 of outstanding taxes on June 13, 1985, and filed liens for the $16,-089.51 on September 27, 1985.

---

1. The amount of the confessed judgment, $72,-104.50, consists of $60,000 of principal, $3,104.50 of interest, and a 15% collection fee of $9,000. We understand from our reading of the record and from the representations in Mellon Bank's brief that Eabco had made no payments on the notes as of April 30, 1985. *We assume that Mellon Bank, through its counsel, will notify the court if we have misread the Bank's brief with respect to the extent of Eabco deficiency as of April 30, 1985.*

The Complaint in Confession of Judgment filed by Mellon Bank on April 30, thus, predated all of the government's recorded liens. Under § 6323, therefore, Mellon Bank's lien has priority over the government's tax lien *if* Mellon Bank's judgment was "specific and perfected" or "choate." *See United States v. Equitable Life Assur. Soc. of United States*, 384 U.S. 323, 86 S.Ct. 1561, 16 L.Ed.2d 593 (1966). Consequently, the outcome of this case depends upon whether a confessed judgment entered in a Pennsylvania state court is choate under federal law.

 There are three prerequisites to choate status for a state law lien. Before the lien of the Internal Revenue Service is recorded, the following must be established with respect to the state lien: 1) the identity of the lienor, 2) the property subject to the lien, and 3) the amount of the lien. Treas.Reg. § 301.6323(h)–1(g); *United States v. City of New Britain*, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). The issue in this case is whether a confessed judgment entered by the prothonotary in a Pennsylvania state court is certain with respect to the amount of the lien.

The government argues that the amount is uncertain because confessed judgments are often entered before default as a form of security. Although the government is correct in its assertion that confessed judgments can be entered before default, such was not the case with Mellon Bank's judgment. On April 30, 1985 when Mellon Bank filed its Complaint in Confession of Judgment, both of Eabco's notes were due in full, and Eabco was in default on both notes. The Complaint in Confession of Judgment avers that Eabco then owed Mellon Bank $72,104.50, and the confessed judgment is in that amount.

Pennsylvania courts distinguish between confessed judgments entered before and after default. For example, in *O'Brien v. Com. Dep. of Public Welfare*, 67 Pa. Cmwlth. 290, 446 A.2d 1372 (1982), the court found that a confessed judgment entered before default created only a security interest, whereas a confessed judgment entered after default created a security interest plus a right to execution or satisfaction.

Similarly, in this case Eabco already had defaulted when Mellon Bank obtained the judgment and Mellon Bank had the right to execute.

The government also argues that Eabco's lien was not perfected, citing *Hartford Provision Co. v. United States*, 579 F.2d 7 (2d Cir.1978). The holding in *Hartford Provision Co.*, however, seems to support Mellon Bank's position. The court noted that perfection and enforcement were distinct concepts. *Id.* at 11. A lien is perfected when the identity of the lienor, the property subject to the lien, and the amount of the lien have been established. *Id.* at 10. The court held that the judgment had priority over the tax lien even though the creditor had to execute against the estate within 60 days in order to preserve his rights.

We find in this case that Mellon Bank's confessed judgment was choate. Mellon Bank waited until Eabco was in default to file its Complaint in Confession of Judgment and obtained a judgment in the precise amount of the debt. The identity of the lienor, the property subject to the lien, and the amount of the lien were all clearly established at the time that Mellon Bank obtained the judgment. Consequently, we will affirm Judge Cosetti's order approving the distribution of the funds proposed by the trustee.