NELSON SAND AND GRAVEL, INC.

v.

ERIE SHORES RESORT AND MARINA, INC. et al., Appellees;

**United States of America, Appellant.**

[Cite as *Nelson Sand & Gravel, Inc. v. Erie Shores Resort & Marina, Inc.* (1993), 91 Ohio App.3d 649.]

Court of Appeals of Ohio,
Ashtabula County.

No. 92–A–1692.

Decided July 1, 1993.

*Janet A. Bradley*, Assistant U.S. Attorney General, Department of Justice, Tax Division, for appellant.

*Jonathan Winer*, for appellees.

NADER, Judge.

This case is before the court on appeal from the Ashtabula County Court of Common Pleas. Appellant, the United States of America, seeks to reverse the judgment of the trial court which disbursed proceeds from the sale of goods and chattels levied upon amounting to $26,000. The lower court's judgment was

made in the execution of a judgment lien emanating from case No. 87275, *Sassafras Woods, Inc. Liquidating Trust v. Erie Shores Resort & Marina, Inc.* We previously had occasion to review the facts and procedure that undergird this case in *Sassafras Woods, Inc. Liquidating Trust v. Erie Shores Resort & Marina, Inc.* (Aug. 17, 1992), Ashtabula App. No. 91–A–1671, unreported, at 3–6, 1992 WL 199741:

" * * * This case was filed on June 6, 1988, and was captioned *Sassafras Woods, Inc. Liquidating Trust v. Erie Shores Resort & Marina, Inc.* [case No. 87275]; it was an action for foreclosure on a real estate mortgage and for equitable relief.

"Several parties intervened in the case. The intervenors claimed an interest in the real property which was subject to Sassafras Woods' mortgage and which was owned by Erie Shores Resort & Marina ('Erie').

"Case No. 87275 was consolidated with *D.B. Bentley, Inc. v. Erie Shores Resort & Marina, Inc.* (case No. 87921), which also sought to foreclose on Erie's real property.

"In August of 1990, the trial court entered judgments in favor of Sassafras Woods and various intervening parties against Erie. These judgments were predicated upon various contracts and debt instruments which had been secured by Erie's real property.

"Subsequent to the judgments in case No. 87275, one of the intervening parties filed a separate action to levy execution on certain personal property owned by Erie. This case was captioned *Nelson Sand & Gravel, Inc. v. Erie Shores Resort & Marina, Inc.* (case No. 54–436). * * * [The record in 54–436 was not before us in Ashtabula App. No. 91–A–1671].

"On January 4, 1991, two intervening parties, Solar Electric Co., Inc. and Ray's Excavating, filed a praecipe in case No. 87275 to obtain a writ of execution on Erie's personal property. These parties sought execution to satisfy the judgments they obtained in the August 1990 judgment entry. On January 11, 1991, the Ashtabula County Sheriff filed a return of execution stating the personal property had been 'tagged only until further order of the Courts.'

"This was done at the direction of the attorney for Solar Electric and Ray's Excavating.

"On January 10, 1991, Solar Electric and Rays Excavating filed certificates of judgment in case Nos. 55–211 and 55–212. The record in neither of these cases is before the court in this appeal.

"In August of 1991, nearly one year after the decree of foreclosure, appellant sought to intervene in case No. 87275. In its 'Complaint In Intervention,'

appellant alleged that tax assessments were made against Erie on December 5, 1988, March 13, 1989, and March 27, 1989, for federal employment taxes due for the last quarters of the year 1988, and for income taxes due for the year 1987. Paragraph IV of the complaint asserted:

" 'As a result of the assessments described above in paragraph III, federal tax liens arose and attached to all property and rights to property belonging to Erie Shores Resort and Marina, Inc., including the proceeds from the sale of the chattels and property of Erie Shores Resort and Marina, Inc. which were deposited with this Court. Notice of Federal Tax Liens was duly filed on June 21, 1989, showing an outstanding liability on that date of $85,830.21.'

"Appellant's brief in support of its motion to intervene also made clear that its interest in the suit was limited to the proceeds of the sale of Erie's goods and chattels (i.e. the personal property), and not the real property which was the subject of the foreclosure action.

"The trial court granted appellant's motion to intervene.

"Appellee, the F.D.I.C., as receiver for the McKinley Bank, on August 16, 1991, moved the trial court for an order of distribution of proceeds from the sale of Erie's personal property. The motion alleged that a sale of the personal property occurred on July 8, 1991. This allegation is not supported by the record in case No. 87275; no return of execution appears in case No. 87275 which would indicate that such a sale occurred. (Footnote omitted.)

"On August 27, 1991, the appellee, F.D.I.C., filed a 'Praecipe for Turnover of Funds.' Appellee sought the funds from the sale of the personal property. Again, it seems such a request would be inappropriate given there was no such sale pursuant to actions taken in case No. 87275.

"On August 28, 1991, Solar Electric and Ray's excavating filed a 'Motion for Ruling on Lien Priority and Distribution.' These parties, *inter alia,* alleged that on January 4, 1991, they had filed a praecipe with the Clerk of Courts for a Writ of Execution and Order of Sale. (The parties did not state that the sheriff had only tagged the property, pursuant to their attorney's direction.) The trial court never ruled on this motion.

"On September 11, 1991, the F.D.I.C. moved to dismiss appellant's complaint on the grounds that *lis pendens* barred the appellant's complaint to the extent appellant claimed a right to the proceeds of the sale of real estate. Alternatively, the F.D.I.C. argued that the claims of the appellants should be limited to a *pro rata* share of the proceeds from the sale of Erie's personal property.

"The trial court, on September 13, 1991, without the benefit of a brief from the appellant, dismissed the claim of the appellant based upon the brief and arguments of the F.D.I.C. In the same judgment entry, the court confirmed the sale

of the real estate to the Hicov Corporation in the amount of $605,000, and ordered the proceeds of the sale to be distributed to various parties (and to be used to pay certain court costs)."

On June 20, 1991, Erie Shores's personal property was appraised at $39,000. After publication of notice of sale, Erie Shores's personal property was sold to Hicov Corp. for $26,000. On September 13, 1991, the court entered a confirmation of sale and order of distribution in which the proceeds of the sale of the real property were distributed and the claim of appellant was dismissed. On the same date, the trial court ordered the sheriff to disburse proceeds from the sale of the personal property as follows: to the clerk of courts ($376.51) for costs, Nelson Sand & Gravel, Inc. ($21,795.74 in satisfaction of its judgment), and $3,827.75 to be applied to the judgment of Solar Electric Company and Ray's Excavating. This case is an appeal from that order.[1]

In this case, appellant objects to the dismissal of its complaint for "failure to state a claim upon which relief can be granted." Civ.R. 12(B)(6). To dismiss a complaint on this ground, "it must appear beyond a doubt that the allegations in the complaint can prove no set facts, which when construed most favorably to the plaintiff would entitle him to relief." *Zuber v. Dept. of Ins.* (1986), 34 Ohio App.3d 42, 44, 516 N.E.2d 244, 245, citing *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753. See, also, *Greeley v. Miami Valley Maintenance Contractors, Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981; *Buckeye Quality Care Centers, Inc. v. Fletcher* (1988), 48 Ohio App.3d 150, 548 N.E.2d 973.

In *Sassafras Woods, supra,* at 7, this court determined that the trial court erred by dismissing the appellant's claim on Erie Shores's personal property. We determined that appellant's complaint properly asserts a claim based upon federal tax lien law. This decision operates as *res judicata* to the issue of whether appellant stated a claim upon which relief can be granted. The principle of *res judicata* "operates 'to preclude the relitigation of a point of law or fact that was at issue in a former action between the same parties and was passed upon by a court of competent jurisdiction.' * * *" (Citations omitted.) *State ex rel B.O.C. Group, Gen. Motors Corp. v. Indus. Comm.* (1991), 58 Ohio St.3d 199, 200, 569 N.E.2d 496, 497.

Thus, for the reasons stated in our opinion in case No. 91–A–1671 and as further explained in this opinion, we hold that the trial court erred in dismissing appellant's claim with regard to Erie Shores's personal property.

---

1. Appellant's initial attempt to appeal the instant action was dismissed. *Nelson Sand & Gravel, Inc. v. Erie Shores Resort & Marina, Inc.* (Jan. 10, 1992), Ashtabula App. No. 91–A–1672, unreported, 1992 WL 199741. (Mem. opinion.)

Appellant's complaint in intervention alleged the priority of federal tax liens on proceeds received from the sale on execution against personal property. We agree with this contention.

■ The priority of competing liens involving a tax lien is a question of federal law. *Aquilino v. United States* (1960), 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365. Internal Revenue Code Section 6321 provides:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." ·

■ A federal tax lien attaches upon assessment and is effective against all persons, even if the lien is not recorded. Sections 6321 and 6322, Title 26, U.S.Code; *Don King Productions, Inc. v. Thomas* (C.A.2, 1991), 945 F.2d 529; *In re Weninger* (1990), 119 B.R. 238. However, Section 6323, Title 26, U.S.Code provides protection to certain classes of people against federal tax liens that are not recorded. This section provides:

" * * * The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary."

Only those specifically enumerated are entitled to priority over tax liens which are unrecorded. *Don King Productions* at 533, citing 14 Mertens, Law of Federal Income Taxation (1991), Section 15A.03, at 15–16.

■ Appellee, Nelson Sand & Gravel, Inc., perfected a mechanic's lien against Erie Shores's real estate for labor and material supplied. This mechanic's lien was marshalled, with other liens, in a foreclosure action against that real estate. The foreclosure sale did not produce enough money to satisfy appellee's claims and left it with a money judgment in lieu of the mechanic's lien. Appellee filed a certificate of this judgment in the Judgment Lien Dockets of the Ashtabula County Clerk of Courts and issued execution thereon against certain personal property of Erie Shores.

A judgment lien creditor is " 'a person who has obtained a valid judgment * * * for the recovery of * * * a certain sum of money * * * [and] has perfected a lien under the judgment on the property involved.' " *Don King Productions* at 533, quoting Sections 301.6323(h)–1(g), Title 26, C.F.R. State law determines whether a judgment lien is perfected. *Hartford Provision Co. v. United States* (C.A.2, 1978), 579 F.2d 7. In Ohio, a judgment lien does not attach to personal

property and so is not perfected until the property is seized in execution. R.C. 2329.02; R.C. 2329.05; *Murphy & Bros. v. Swadener* (1877), 33 Ohio St. 85.

Appellee Nelson Sand & Gravel is a judgment lien creditor. Appellee received judgment in case No. 87275 and filed a certificate of judgment lien on September 10, 1990. However, appellee's lien on the personal property of Erie Shores did not attach under Ohio law until the property was seized in execution on July 8, 1991. The federal tax liens arose, and thus attached, on December 5, 1988, March 13, 1989 and March 27, 1989, and notice of the liens was filed on June 21, 1989. Thus, the federal tax liens had been recorded before appellee's lien attached. As a result, the exception in Section 6323, Title 26, U.S.Code which gives judgment lien creditors priority over unrecorded federal tax liens does not apply and the federal tax liens should have been given priority over appellee's lien.

In the absence of an applicable exception under Section 6323, "priority as a lienor is determined by the common law rule of 'first in time is first in right.' " *Don King Production* at 533, quoting *United States v. New Britain* (1954), 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520. Under this rule, "a federal tax lien takes priority over competing liens unless the competing lien was choate, or fully established, prior to the attachment of the federal lien."

■ As previously stated, the question of when a competing lien attaches is determined by state law, which in Ohio is the time the personal property is seized in execution. *Hartford Provision Co.*, 579 F.2d 7; *Murphy & Bros.*, 33 Ohio St. 85. Appellee executed on Erie Shores's personal property on July 8, 1991. Appellant's tax liens arose and attached to all Erie Shores's property in December 1988 and March 1989 and were filed June 21, 1989. See *In re Weninger* (1990), 119 B.R. 238. Appellant's tax liens are clearly first in time. Therefore, the federal tax liens are superior to appellee's lien either considering, or in the absence of, the statutory exception granted in Title 26, U.S.Code, and the trial court erred in subordinating them.

■ Appellee contends that appellant is precluded from recovery because it did not intervene in a timely manner and filed its lien in excess of one year after the foreclosure action was filed in case No. 87275. We hold that appellant is not barred from recovery on this ground. As Ohio case law has held:

" 'It is * * * a well settled rule of practice, that in foreclosure suits claims may be brought in or filed up to the time of distribution, and may share in the proceeds according to priority.' " *Farmer's S. & L. Co. v. Robison* (Feb. 11, 1976), Mahoning App. No. 75 CA 39, unreported, at 10, quoting *Allemania Loan & Bldg. Co. v. Mueller* (1882), 1 Ohio Dec. Reprints 402, 403. See, also, *Sharp v. Kuhn* (Oct. 4, 1978), Fayette App. No. 78 CA 10, unreported.

Because the interests in an execution action are similar to those in a fore-closure action, we hold that a claimant may similarly intervene in an execution action at any time before the distribution. Appellant intervened on August 15, 1991. The order of distribution was not filed until September 13, 1991. Thus, appellant may not be denied recovery on the ground that it did not timely intervene.

For the foregoing reasons, we hold that the trial court erred in dismissing appellant's complaint. Furthermore, we hold that appellant's lien is prior to appellee's lien. The judgment of the trial court is reversed and the cause is remanded to the trial court for modification of the order of disbursement.

*Judgment reversed*
*and cause remanded.*

FORD, P.J., and CHRISTLEY, J., concur.