LOUIS MARKHAM *v.* ELAINE J. SALOVITZ

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued January 7—decided February 3, 1960

*Roy H. Scharf,* for the appellant (defendant).

*Elihu H. Berman,* for the appellee (plaintiff).

MURPHY, J. The complaint alleges that the plaintiff obtained judgment against Perma-Side, Inc., on July 23, 1958; that execution was issued upon the judgment on November 17, 1958; that demand under the execution was made upon Perma-Side, Inc., on November 24, 1958; and that the execution was returned unsatisfied. Attached to the complaint is a copy of the bond sued upon. From it and the allegations of the complaint, it appears that the bond was given to release a garnishment of a debt due to Perma-Side, Inc., from Thomas S. Degnan.

The defendant demurred to the complaint because it did not allege that demand by virtue of the execution was made upon Perma-Side, Inc., and upon her within sixty days after the rendition of the judgment. The trial court overruled the demurrer without memorandum. Thereafter, the plaintiff moved for and obtained summary judgment. The defendant has appealed, assigning as error the overruling of the demurrer.

General Statutes § 52-328 provides: "No estate which has been attached shall be held to respond to the judgment obtained in the suit, either against the debtor or any other creditor, unless the judgment creditor takes out an execution and has it levied on the personal estate attached, or demand made on the garnishee in cases of foreign attachment, within sixty days after final judgment . . . ." In *New York Plumbers Specialty Co.* v. *Werebitzik,* 104 Conn. 280, 282, 132 A. 454, we held that the surety on the bond succeeds to and occupies the position of the garnishee and that seasonable demand on the surety is a prerequisite to action against him on the bond. See also *Perri* v. *Cioffi,* 141 Conn. 675, 679, 109 A.2d 355. The plaintiff's contention that the filing of a lien on real estate of the surety under the provisions of General Statutes § 49-86, enacted in 1955, eliminated the need for making demand under the execution on the surety within sixty days after judgment does not warrant serious consideration. That legislation did no more than create an additional safeguard for the protection of a judgment creditor in the satisfaction of his judgment.

There is error, the judgment is set aside and the case is remanded with direction to sustain the demurrer.

In this opinion the other judges concurred.