HARRY B. BRADBURY ET AL. *v.* JOSEPH J. WODJENSKI
ET AL.

ALCORN, HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued April 9—decided May 6, 1970

*Joseph Glass,* for the appellant (defendant Batter Lumber Company, Inc.).

No appearance for the appellees (plaintiffs).

HOUSE, J. The plaintiffs in this action are attorneys who, as escrow agents, had in their possession a fund of $2270.77 belonging to Myron G. Dudley, a building contractor. The fund was insufficient to meet the claims of Dudley's creditors, and the plaintiffs instituted an interpleader action pursuant to § 52-484 of the General Statutes for the purpose of securing an adjudication of the rights of various defendant creditors to the fund. All but three of the defendants in the interpleader action were defaulted by the trial court, and only the claims of these three remaining defendants are involved on this appeal. They stipulated to the facts concerning their respective claims.

Defendant D'Elia Associates of Connecticut, Inc., is owed by Dudley the sum of $544.32. At no time did it commence any legal action to collect this debt. Defendant Asco Supply Company, Inc., did commence legal action against Dudley on April 15, 1966, and garnisheed the plaintiffs. On August 2, 1966, it obtained a judgment for $1256.80 but has never had an execution issued nor demand made on the garnishees in accordance with the provisions of § 52-328 of the General Statutes.[1] Defendant Batter Lumber Company, Inc., commenced legal action against Dudley and garnisheed the plaintiffs. On July 18, 1967, it obtained a judgment for $2457.32. On August 15, 1967, it obtained a writ of execution from the Circuit Court, and by its direction a deputy sheriff made a demand for payment by the plaintiff garnishees. On February 23, 1968, pursuant to the provisions of § 52-381 of the General Statutes, it commenced a scire facias proceeding against the garnishees, and that proceeding is currently pending in the Circuit Court.

On these facts the trial court concluded that the balance of the escrow fund on hand after the payment of fees and costs should be distributed pro rata among the three defendants. The judgment, accordingly, ordered the payment of fees and costs and then payment of $914.41 to Batter; $498.57 to Asco Supply; and $202.59 to D'Elia Associates.

---

[1] "Sec. 52-328. DURATION OF ATTACHMENT LIENS AFTER JUDGMENT. No estate which has been attached shall be held to respond to the judgment obtained in the suit, either against the debtor or any other creditor, unless the judgment creditor takes out an execution and has it levied on the personal estate attached, or demand made on the garnishee in cases of foreign attachment, within sixty days after final judgment, or levied on the real estate attached, and the same appraised, and the execution and proceedings thereon recorded, within four months after such judgment; or, if such goods or estate is encumbered by any prior attachment, unless the execution is so

From this judgment Batter, only, has appealed, and it alone has filed a brief. It claims that the court was in error in ordering the pro rata distribution among the three creditor defendants in view of the fact that Batter "had secured its judgment by executing on it, thereby being prior in right to the entire fund as against all other defendants."

We agree with the contention of Batter that the decision of the trial court ordering a pro rata distribution of the fund among the three creditors was, on the basis of the stipulated facts, erroneous. "[T]he interest of a creditor who has reduced his claim to judgment and who has thereby acquired a lien on specific property of the judgment debtor is superior to that of an unsecured creditor." 46 Am. Jur. 2d 497, Judgments, § 289; *Ward* v. *Chamberlain,* 67 U.S. (2 Black) 430, 17 L. Ed. 319. There can be no doubt that D'Elia Associates, which made no attempt to reduce its claim to judgment nor at any time to garnishee the plaintiffs, is an unsecured general creditor whose claim must be subordinate to that of any creditor of Dudley which had a secured interest in the fund. The two remaining defendants, Asco Supply, and the appellant, Batter, garnisheed the plaintiffs and obtained judgments on their respective claims. Although every attachment takes precedence over any subsequent attachment, each must be perfected by a timely issue and levy of exe-

levied within the respective times aforesaid after such encumbrance has been removed; except only in case of a foreign attachment against an executor, administrator or trustee in insolvency, upon whom demand shall be made within the times limited in sections 52-389, 52-390 and 52-391. In determining said periods within which the attaching creditor is so required to take out and levy execution, any time during which the issue or levy of an execution may be prevented or stayed by the pendency of a writ of error, or by an injunction or other legal stay of execution, shall be excluded from the computation."

cution upon the property attached. *Coit* v. *Sistare,* 85 Conn. 573, 578, 84 A. 119. A judgment creditor, in order to perfect an attachment or garnishment made prior to judgment on his claim, must take out an execution and have it levied on the real or personal estate attached or have demand made on the garnishee within sixty days after final judgment. General Statutes § 52-328; *Markham* v. *Salovitz,* 147 Conn. 189, 190, 158 A.2d 249. If not thus perfected, "[a]ny lien created by the attachment on this property . . . continued for sixty days after the judgment, and no longer." *Sanford* v. *Pond,* 37 Conn. 588, 594.

Asco Supply obtained a judgment on its claim on August 2, 1966. By failing, however, to have demand made on the garnishees at any time subsequent to that judgment, let alone within the sixty-day period prescribed by § 52-328, Asco allowed any lien on the fund created by its garnishment of April 15, 1966, to perish. *Beers* v. *Place,* 36 Conn. 572, 582. Thus Asco, at the time this action commenced, had only the status of an unsecured judgment creditor. See Stephenson, Conn. Civ. Proc. § 37 (b), p. 80. Batter, on the other hand, not only garnisheed the plaintiffs at the outset of its legal action and on July 18, 1967, obtained judgment for a larger sum than the fund being held by the plaintiffs but, on August 15, 1967, had an execution issued and demand made on the plaintiffs by a deputy sheriff. In thus having an execution issued and demand made well within sixty days of final judgment, Batter effectively perfected its attachment and secured its claim to the fund, thereby creating an interest in the fund superior to those of the other two defendants, the interests of which, as has been stated, remained unsecured. The fund held by the plaintiff garnishees must therefore

be applied in the first instance toward satisfying the judgment claim of Batter, the sole secured creditor among the three defendants in this action.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the plaintiffs pay to the defendant Batter Lumber Company, Inc., the balance of the moneys in the hands of the plaintiff garnishees remaining after the payment of fees and costs.

In this opinion the other judges concurred.