[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On December 7, 1992, the State, acting by and through the Commissioner of Administrative Services, filed a one count complaint against Joseph Conti [Conti]. In its complaint, the State alleged that Conti had, at various times between 1968 and 1986 been a patient at Connecticut Valley Hospital and Norwich State Hospital. The State further alleged that the total costs of Conti's per capita care at these state-run hospitals was $41,850.30, $39,303.03 of which remained unpaid. The State claimed that, pursuant to General Statutes § 17-295b, it was entitled to payment of all unpaid per capita costs of care.
On April 23, 1993, the State filed a motion for summary judgment in a related case, ConnecticutAdministrative Services v. Joseph Conti, Superior Court, Judicial District of Hartford/New Britain at Hartford, No. 51 93 29 (1994) as to both liability and damages. On June 14, 1993, the court, Walsh, R., J., entered judgment in favor of the State as to both liability and damages totalling $39,303.03.
Concurrent with its action against Conti, the State commenced the present action against the estate of Conti's CT Page 10659 father, Pasqual Conti [Estate]. Through the present action, the State challenged Conti's purported disclaimer of his 1/4 interest in the Estate; these assets represent Conti's only non-exempt personal property. The State sought to reach these assets in order to satisfy the judgment rendered against Conti in ConnecticutAdministrative Services v. Joseph Conti.
On February 1, 1994, in the present action, the court, Freed, J., ruled, upon the State's motion for summary judgment, that Conti's interest in the Estate was not a future interest, but rather one that vested at the death of his father. The court held that because Conti had effectuated his disclaimer after the death of his father, the disclaimer was untimely, and thus, void and without effect. Following the decision of Judge Freed, pursuant to General Statutes § 52-356a, the State filed an application for property execution against Conti's 1/4 share in the Estate. On March 31, 1994, pursuant to General Statutes § 52-60(d), the sheriff served the execution on the probate judge for the Court of Probate for the District of Old Saybrook, where the probate of the $232,750.63 Estate is currently pending.
There is another action relative to the present case. In early 1992, the Estate commenced a wrongful death action against Conti, in which the Estate alleged that on or about January 2, 1991, Conti "willfully, wantonly, maliciously, intentionally and unlawfully killed [Pasqual Conti] by strangulation."[1] On October 15, 1992, prior to trial, the Estate withdrew its wrongful death action against Conti. The Estate has filed a motion to reopen and a stipulation to judgment, dated March 24, 1994, which is currently pending.
On April 18, 1994, in the present action, pursuant to General Statutes § 52-356c, the Estate filed a claim for the determination of interests in disputed property, along with a motion to determine the same. On May 31, 1994, a hearing was conducted by this court as to that issue. On June 30, 1994, the State filed a brief, as directed by this court, addressing the determination of the parties' interest in Conti's share of the Estate. As of October 12, 1994, the Estate has not filed a post-hearing brief. CT Page 10660
The issue before the court is the determination of whether the State or the Estate has priority as to Conti's 1/4 share of his father's estate. General Statutes § 52-356c, entitled "Determination of interests in disputed property," provides, in part:
 (a) Where a dispute exists between a judgment debtor or judgment creditor and a third person concerning an interest in personal property sought to be levied on, or where a third person claims that the execution will prejudice his superior interest therein, the judgment creditor or third person may . . . make a claim for determination of interests pursuant to this section.
. . . .
 (f) After hearing, the court shall render judgment determining the respective interests of the parties and may order the disposition of the property or its proceeds in accordance therewith.
The State argues that it has perfected its claim against Conti by reducing the claim to a judgment and executing thereon. The State further asserts that the Estate has not perfected its claim against Conti and, therefore, the State has a superior interest in the nonexempt personal property of Conti.
The Estate argues that the execution upon Conti's 1/4 share of his father's estate will prejudice the Estate's superior interest therein. Specifically, the Estate claims that Conti is a "debtor of the [Estate] inasmuch as the judgment debtor killed . . . Pasqual Conti, [and that] there is pending . . . a wrongful death claim. Also at issue are the priorities of this judgment creditor versus the estate of Pasqual Conti as a judgment creditor of a distributee of its own estate assets." In addition, the State's post-hearing brief indicates that, at the hearing, the Estate argued that the State was premature in levying upon Conti's share of the Estate because that share was not yet in being. CT Page 10661
On October 15, 1992, the Estate withdrew its wrongful death action against Conti. Pursuant to General Statutes § 52-80 "[t]he right of a plaintiff to withdraw his action before a hearing on the merits . . . is absolute and unconditional." The effect of such a withdrawal, however, "so far as the pendency of the action is concerned, is `strictly analogous to that presented after the rendition of a final judgment or the erasure of the case from the docket.'" Housing Authority of East Hartford v. Hird,13 Conn. App. 150, 157, 535 A.2d 377 (1988), cert. denied,209 Conn. 825, 552 A.2d 433 (1989), quoting Lucas v. St.Patrick's Roman Catholic Church Corporation, 123 Conn. 166,170, 193 A.2d 204 (1937); see H.G. Bass Associates, Int.v. Ethan Allen, Inc., 26 Conn. App. 426, 431, 601 A.2d 1040
(1992) (withdrawal "effectively erases the court slate clean as though the action had never been commenced.") While the Estate has filed a motion to reopen and a stipulation to judgment, dated March 24, 1994, according to the State's post-hearing brief, that motion has not yet been acted upon the court.
"[T]he interest of a creditor who has reduced his claim to a judgment and who has thereby acquired a lien on specific property of the judgment debtor is superior to that of an unsecured creditor." (Citations omitted; internal quotation marks omitted) Bradbury v. Wodjenski,159 Conn. 366, 369, 269 A.2d 271 (1970). "Although every attachment takes precedence over any subsequent attachment, each must be perfected by a timely issue and levy of execution upon the property attached." (Citation omitted.) Id., 369-70; see Community Program, Inc. v. White,187 Conn. 128, 141, 444 A.2d 1369 (1982) ("State law requires a judicial lien to be reduced to execution before it can be deemed perfected. General Statutes § 52-328."). "A judgment creditor, in order to perfect an attachment or garnishment made prior to judgment on his claim, must take out an execution and have it levied on the real or personal estate attached on or have demand made on the garnishee within sixty days after final judgment. General Statutes § 52-328 . . . ." (Citations omitted.) Bradbury v.Wodjenski, supra.
In the present case, the Estate has not attained a judgment against Conti in its wrongful death action against him. Rather, the Estate withdrew that action on October CT Page 10662 15, 1992, and has filed a motion to reopen and stipulation to judgment; each of these is currently pending. Conversely, the State, in its action against Conti for unpaid medical expenses, has reduced its claim to a judgment, thereby acquiring a lien on his non-exempt personal property, perfecting that claim by a timely issue and levy of execution upon the attached property. SeeBradbury v. Wodjenski, supra, 159 Conn. 369-70. Accordingly, the State, as a judgment creditor that has perfected its claim against Conti has an interest in the non-exempt personal property of Conti that is superior to that of the Estate.
Finally, the State's post-hearing brief indicates that at the hearing, the Estate argued that the State was premature in levying upon Conti's share of the Estate because that share was not yet in being. "The right of inheritance or succession becomes fixed and determined at the moment of the death of the owner, and although distribution occurs a considerable time thereafter, it relates back to the date of the death as the time when the right of the beneficiary became fixed." (Citations omitted; internal quotation marks omitted.) Newell v.McLaughlin, 126 Conn. 138, 143-44, 9 A.2d 815 (1939); see also State v. Murtha, 179 Conn. 463, 468, 427 A.2d 807
(1980). Furthermore,
 [a] debt is owing and thus available for garnishment if the garnishee has an existing obligation to pay the debtor either in the present or the future. An obligation to pay the debtor in the future is "existing" if the garnishee's liability to pay the obligation is certain. If an obligation is certain as to liability, it is not rendered uncertain merely because the debt is unliquidated, that is, the amount that the garnishee ultimately will be obligated to pay is uncertain. Furthermore, the garnishee's otherwise certain liability is not made uncertain because the obligations may be diminished or defeated by a condition subsequent.
F W Welding Service, Inc. v. ADL Contracting Corp.,217 Conn. 507, 515-16, 587 A.2d 92 (1991). While Conti's 1/4 CT Page 10663 share of his father's estate has not yet been liquidated, the Estate has an existing and certain obligation to pay Conti's 1/4 share in his father's estate to the State and, accordingly, the State may properly levy upon those assets.
The court finds that the State has an interest that is superior to that of the Estate in the non-exempt personal property of the judgment debtor, Joseph Conti. The court finds that the State may properly execute upon those assets, despite the fact that Joseph Conti's 1/4 share of his father's estate has not yet been liquidated.
So ordered,
Langenbach, J.