CENTRAL BANK *v.* BERNARD J. HICKEY ET AL.
(15384)

Callahan, Berdon, Norcott, Katz and Palmer, Js.

Argued May 2—officially released August 13, 1996

*Thomas E. Katon,* for the appellant (substitute plaintiff Federal Deposit Insurance Corporation).

*Anthony J. Gryk, Jr.,* for the appellee (named defendant).

PALMER, J. This appeal requires us to decide whether No. 92-215 of the 1992 Public Acts (P.A. 92-215),[1] which

---

[1] Public Act 92-215, which amended General Statutes § 52-321a (a), provides in relevant part: "(a) Except as provided in subsection (b) of this section, any interest in or amounts payable to a participant or beneficiary from (1) any trust, custodial account, annuity or insurance contract established as part of a Keogh plan or a retirement plan established by a corporation which is qualified under Section 401, 403, 404 or 409 of the Internal Revenue Code of 1986, or any subsequent corresponding internal revenue code of the United States, as from time to time amended, (2) any individual retirement account which is qualified under Section 408 of said Internal Revenue Code to the extent funded, including income and appreciation, (A) as a rollover from a qualified retirement plan, as provided in subdivision (1) of this section, pursuant to Section 402(a)(5), 403(a) or 408(d)(3) of said Internal Revenue Code or (B) by annual contributions which do not exceed the maximum annual limits set forth in Section 219(b) of said Internal Revenue Code, determined without regard to any reduction or limitation for active participants required by Section 219(g) of said Internal Revenue Code or (3) any pension plan, annuity or insurance contract or similar arrangement not described in subdivision (1) or (2) of this subsection, established by federal or state statute for federal, state or municipal employees for the primary purpose of providing benefits upon retirement by reason of age, health or length of service, shall be exempt from the claims of all creditors of such participant or beneficiary. Any such trust, account, con-

extends to individual retirement accounts (IRAs) the exemption from attachment and execution established by § 3 of No. 91-239 of the 1991 Public Acts (P.A. 91-239),[2] exempts certain IRAs owned by the named defendant, Bernard J. Hickey (defendant), from the claims of the substitute plaintiff, Federal Deposit Insurance Corporation (plaintiff). The plaintiff's predecessor in interest, Central Bank, commenced this action seeking damages for the defendant's default on a promissory note and, thereafter, obtained a prejudgment garnishment of the defendant's IRAs. After the plaintiff had obtained a judgment against the defendant, the trial court, on motion of the defendant, dissolved the plaintiff's attachment for failure to comply with General Statutes § 52-328 (a).[3] The trial court further concluded that the defendant's IRAs were exempt from execution by the plaintiff under the express terms of P.A. 92-215. The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023

tract, plan or other arrangement shall be (A) conclusively presumed to be a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under the laws of this state and (B) considered a trust which has been created by or which has proceeded from a person other than such participant or beneficiary, even if such participant or beneficiary is a self-employed individual, a partner of the entity sponsoring the Keogh plan or a shareholder of the corporation sponsoring the retirement plan. . . ."

[2] Public Act 91-239, which amended General Statutes § 52-352b, provides in relevant part: "The following property of any natural person shall be exempt [from attachment and execution] . . . (m) Any assets or interests of an exemptioner in, or payments received by the exemptioner from, a plan or arrangement described in Section [52-321a] . . . ."

[3] General Statutes § 52-328 (a) provides: "Except as provided in subsection (c), no personal estate which has been attached may be held to respond to the judgment obtained in the suit, either against the debtor or any other creditor, unless the judgment creditor takes out an execution and has it levied on the personal estate attached, or has demand made on the garnishee in cases of foreign attachment, within sixty days after final judgment, or, if such personal estate is encumbered by any prior attachment, unless the execution is so levied within sixty days after such encumbrance has been removed."

and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The pertinent facts and procedural history are not in dispute. On May 3, 1988, the defendant was one of several signatories[4] to a promissory note executed by Central Bank for a loan. In July, 1991, Central Bank filed this action[5] seeking damages for default on the promissory note and, on August 6, 1991, it secured a prejudgment garnishment of the defendant's IRAs pursuant to General Statutes (Rev. to 1991) § 52-278f, as amended by Public Acts 1991, No. 91-315, §§ 2, 5.[6] On May 5, 1992, the Federal Deposit Insurance Corporation was substituted as party plaintiff for Central Bank. Thereafter, on October 1, 1992, P.A. 92-215 took effect, extending to certain IRA funds the exemption from attachment and execution that the legislature had previously granted to other types of retirement accounts under P.A. 91-239.

On July 25, 1994, the trial court defaulted the defendant for failure to disclose a defense. After a hearing

[4] The other signatories were The Steakout, Inc., The Steak Club, Inc., and George Catsavas.

[5] This action was originally brought against Bernard Hickey and four other defendants, George Catsavas, The Steak Club, Inc., The Steakout, Inc., and Catherine B. Hickey, Bernard Hickey's wife. The trial court rendered judgment against Catsavas and the two corporations on May 5, 1992. The plaintiff withdrew its complaint against Catherine Hickey on July 14, 1994. The corporate defendants and Catsavas have not taken part in this appeal.

[6] General Statutes (Rev. to 1991) § 52-278f, as amended by Public Acts 1991, No. 91-315, §§ 2, 5, provides: "Issuance of prejudgment remedy when defendant in commercial transaction has waived notice and hearing. In an action upon a commercial transaction, as defined in section 52-278a, wherein the defendant has waived his right to a notice and hearing under sections 52-278a to 52-278g, inclusive, the attorney for the plaintiff shall issue the writ for a prejudgment remedy without securing a court order provided that (1) the complaint shall set forth a copy of the waiver; (2) the plaintiff shall file an affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause to sustain the validity of the plaintiff's claim; and (3) the plaintiff shall include in the process served on the defendant a notice satisfying the requirements of subsection (b) of section 52-278e."

on damages, the trial court, on September 27, 1994, rendered judgment against the defendant in the amount of $104,821.27. The plaintiff, however, failed to seek execution of its judgment against the defendant until February 1, 1995. The defendant moved to dissolve the prejudgment attachment on the ground that the plaintiff had failed to comply with § 52-328 (a), which requires that a "judgment creditor, in order to perfect an attachment or garnishment made prior to judgment on [its] claim, must take out an execution and have it levied on the real or personal estate attached or have demand made on the garnishee within sixty days after final judgment." *Bradbury* v. *Wodjenski*, 159 Conn. 366, 370, 269 A.2d 271 (1970). The defendant also claimed that his IRAs were exempt from execution under P.A. 92-215. The trial court, *Hon. Anthony V. DeMayo*, state trial referee, granted the defendant's motion to dissolve the attachment and, furthermore, concluded that the plaintiff, having failed properly to perfect its attachment before P.A. 92-215 went into effect, was barred by P.A. 92-215 from executing its judgment against the defendant's IRAs. This appeal followed.

The plaintiff makes two arguments in support of its claim that the trial court improperly determined that the defendant's IRAs are exempt from execution.[7] First, the plaintiff asserts that P.A. 92-215 should not be construed to protect the defendant's IRAs from execution because to do so would give P.A. 92-215 retroactive effect in violation of the plaintiff's right to execute against the defendant's assets to the same extent that it could have when its claim against the defendant arose.[8] Second, the plaintiff contends that the retroactive appli-

[7] The plaintiff has not appealed from the trial court's ruling granting the defendant's motion to dissolve the attachment.

[8] The plaintiff suggests the dates of several events which, he contends, reasonably could be used to determine when his right to execute against the defendant's IRAs vested, including the date on which the debt was incurred and the date on which the defendant defaulted on the note.

cation of P.A. 92-215 violates his rights under the contract clause of article one, § 10, of the United States constitution.[9] We disagree.

Our reasons for rejecting the plaintiff's claims may be briefly stated. Because the plaintiff does not challenge the trial court's ruling granting the defendant's motion to dissolve the plaintiff's prejudgment garnishment for failure to comply with § 52-328 (a), we presume that the garnishment was properly dissolved. The plaintiff, therefore, having failed to perfect its attachment within the time period prescribed by § 52-328 (a), forfeited whatever rights that it may have had arising out of that attachment, including its security interest in the defendant's IRAs relating back to the date of the garnishment in August, 1991.[10] Accordingly, the plaintiff's right to execute against the defendant's IRAs must be determined as of February 1, 1995, the date on which he sought to execute against the IRAs, and not, as the plaintiff claims, as of the date it obtained the prejudgment garnishment. Because the exemption against execution granted to IRAs under P.A. 92-215 took effect on October 1, 1992, and the plaintiff did not seek to execute against the defendant's IRAs until February 1, 1995, P.A. 92-215, applied prospectively, bars the plaintiff's execution against those accounts. Thus, the plaintiff's claims regarding the retrospective application of P.A. 92-215 are inapposite.[11]

---

[9] The constitution of the United States, article one, § 10, provides in relevant part that "[n]o State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ."

[10] As the trial court succinctly stated, "the plaintiff allowed the attachment to lose the status it enjoyed." *Federal Deposit Ins. Corp.* v. *Hickey*, Superior Court, judicial district of New Haven, Docket No. CV910319039 (June 26, 1995).

[11] Of course, had the plaintiff properly perfected its attachment by executing against the defendant's IRAs in accordance with § 52-328 (a), we would have been required to determine whether P.A. 92-215 retrospectively abrogated the plaintiff's right to execute against the IRA accounts, for in those circumstances the plaintiff's right to execute against the defendant's funds

The plaintiff, in light of its failure to comply with § 52-328 (a), does not seriously contend that its right to execute against the defendant's IRAs relates back to the date of attachment. It claims, rather, that it obtained a vested right to satisfy its judgment against the defendant's assets, including his IRAs, at the time the loan to the defendant was made and, therefore, that the trial court's application of P.A. 92-215 improperly extinguished those rights. The plaintiff has provided no support whatsoever for its bald assertion that an unsecured creditor has a vested interest in the pool of assets owned by the debtor at the time the debt is created.[12] On the contrary, the very nature of an unsecured debt is that the creditor has no current legal interest in the assets of its debtor. The plaintiff's argument, therefore, is wholly without merit.

The judgment is affirmed.

In this opinion the other justices concurred.

---

would have related back to the prejudgment garnishment it had obtained on August 6, 1991, a date which preceded October 1, 1992, the effective date of P.A. 92-215. We need not, however, consider that question in this case.

[12] We note, moreover, that the plaintiff has failed to establish that Central Bank made its unsecured loan to the defendant in reliance on any of the defendant's assets or that the subject IRAs were even in existence at the time the promissory note was executed.