[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court concerning the defendant Daniel Zito's claim for exemption from execution against a certain bank account. The court held a hearing concerning the exemption claim on March 24, 2003, at which the parties appeared and presented evidence. For the reasons set forth below, the claim is overruled.
In February 2003, the plaintiff executed on the account in order to collect on a deficiency judgment rendered by the court (Satter, J.T.R.) on June 24, 1997. At the hearing on the exemption claim, plaintiff's counsel asserted that, currently, the amount due on the judgment is in excess of $1.0 million, which was not disputed by Zito.
According to Zito's exemption claim form, the plaintiff executed on an account at People's Bank. Zito claims that the amount removed, $14,050.00, is exempt from execution, since the monies are part of a retirement account.
General Statutes § 52-367b[1] sets forth various categories of protection from bank execution. General Statutes § 52-367b (f) provides that "[t]he claim of exemption filed by such debtor shall be prima facie evidence at [the] hearing of the existence of the exemption."
Under Connecticut law, certain retirement accounts are unavailable to creditors. General Statutes § 52-352a (m) states that "[t]he following property of any natural person shall be exempt: . . . [a]ny assets or interests of an exemptioner in, or payments received by the exemptioner from, a plan or arrangement described in section 52-321a." See General Statutes § 52-321a;[2] Central Bank v. Hickey,238 Conn. 778, 680 A.2d 298 (1996).
In support of his exemption claim, Zito attached to it a copy of a passbook from a closed account, entitled "Daniel Zito Profit Sharing Tr.," People's Bank Account No. 74 8002377 01 (hereafter the "profit sharing CT Page 4326 trust account"). According to the passbook, this account was closed on August 20, 2002, and the balance of $15,785.82 was withdrawn on that date. In his exemption claim, Zito states that People's Bank incorrectly changed this account to a "savings CD," Account No. 074-8006035-03 (hereafter the "savings account"), and that he "was assured by the bank that the account was still listed as a retirement account, as established under its original basis."
In addition to the passbook, Zito presented a copy of a check, dated November 9, 1992, reflecting a distribution to him of $3,072.72 from the Daniel Zito Profit Sharing Plan, which he contends was used for the opening deposit in the profit sharing trust account. See Defendant's Exhibit A. Also, he provided Exhibit B, a copy of his 1996 federal income tax return, which reflects a 1996 profit sharing plan contribution of $8,100.00. This amount corresponds to a February 21, 1997 entry in the passbook for the same amount.
The evidence before the court is sufficient to overcome the presumption in favor of the exemption claim. The court does not credit Zito's contentions. There is no nexus between the closed profit sharing trust account and the savings account. As noted, the ending balance in the former was $15,785.82, while the amount executed on in the savings account was $14,050.00. Zito's only explanation for this material disparity was his assertion that the bank made another mistake. No documentary evidence was presented to show what efforts Zito made to bring the alleged mistakes (including his claim as to the status of the savings account as a retirement account) to the bank's attention. No record was presented to demonstrate when the savings account was opened, or the amount used to establish it. No one from People's Bank testified. Zito had ample opportunity between the date of his exemption claim, February 19, 2003, and the date of the hearing, March 24, 2003, to prepare to present evidence. Even if the amount in the profit sharing trust account was protected under § 52-321a, which the court need not determine, the evidence does not show that the monies in the savings account come under the statute's purview.[3]
In addition, a debtor may claim the right to exemption of $1,000.00 pursuant to General Statutes § 52-352b (r),[4] which "protect[s] the first $1,000.00 of the account not otherwise exempt." Ford Motor CreditCo. v. Christani, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. CV96 0054380S (Feb. 23, 1998, Flynn, J.).
The exemption does not apply here, since Zito's liability stems from an obligation which as incurred before the operative date ofPublic Act 93-301, which added subsection (r) to § 52-352b. Public Act 93-301
CT Page 4327 provides that "this act shall take effect October 1, 1993, and shall be applicable to any lien for any obligation or claim arising on or after said date."
There is no question that Zito's obligation arose before the operative date of § 52-352b (r). In this matter, summary judgment as to liability was granted by the court (Freed, J.T.R.) on March 4, 1997 (#137). Zito's liability for the underlying loan obligation of a partnership stemmed from his April 24, 1986 guaranty of payment thereof. See the affidavit of Peter V. Brennan, an FDIC account officer, Exhibit B, which was part of the presentation on the motion for summary judgment. According to the affidavit, paragraph 10, the loan went into default on September 8, 1993. Zito's obligation to pay dates from that default.
Under these circumstances, Zito's obligation pre-dates the effective date of § 52-352b (r), October 1, 1993. Accordingly, the exemption provided therein is not available here.
 CONCLUSION
For the foregoing reasons, Zito's exemption claim is overruled. It is so ordered.
 BY THE COURT ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT